**FILED**
**January 21, 2026**

C. CASEY FORBES, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Shelia Hallman-Warner,**
**Petitioner Below, Petitioner**

**v.) No. 23-267** (ICA 22-ICA-38)

**Bluefield State College Board of Governors,**
**Respondent Below, Respondent**

## CORRECTED MEMORANDUM DECISION

Petitioner Shelia Hallman-Warner appeals the March 6, 2023, memorandum decision of the Intermediate Court of Appeals of West Virginia ("ICA"), affirming the order of the Circuit Court of Kanawha County entered on July 8, 2022, denying her petition to invalidate a settlement agreement.[1] *See Hallman-Warner v. Bluefield State Coll. Bd. of Governors*, No. 22-ICA-38, 2023 WL 2367454 (W. Va. Ct. App. Mar. 6, 2023) (memorandum decision). The petitioner argues that the lower courts failed to consider her arguments related to the validity of the settlement agreement between the parties, including fraud. Upon our review, finding no substantial question of law and no prejudicial error, we determine that oral argument is unnecessary and that a memorandum decision affirming the ICA's memorandum decision is appropriate. *See* W. Va. R. App. P. 21(c).

The respondent employed the petitioner as a professor, and the underlying case involves events occurring during that employment. After a three-day, court-ordered mediation, the parties, who were both represented by counsel, agreed to confidential settlement terms. Subsequently, the parties entered into a written settlement agreement. A few months later, the petitioner filed a self-represented petition to invalidate the settlement agreement and release with the circuit court, which the ICA accurately described as "difficult to follow." Both the respondent and the petitioner's former counsel responded to the petition. The petitioner filed a reply and also filed an "Amendment to Filings April 30, 2021 and June 08, 2021 Petition to Invalidate." Ultimately, the circuit court denied the petitioner's petition to invalidate the settlement without a hearing, concluding that there was no evidence of fraud, duress, or other invalidating factors and that the settlement agreement was valid and enforceable. The petitioner appealed to the ICA, which affirmed the circuit court's order. *See Hallman-Warner*, 2023 WL 2367454, at * 2-3.

Like the ICA,[2] we review challenges to the enforcement of a settlement agreement under

---

[1] The petitioner is self-represented. Respondent Bluefield State College Board of Governors is represented by counsel Kelly C. Morgan and Kristen V. Hammond.

[2] This Court reviews appeals of ICA decisions by considering the relevant circuit or family

1

the following standard:

> Where the issue of the enforceability of a settlement agreement requires the lower court to make findings of fact and apply contractual or other legal principles, this Court will review its order and the ultimate disposition under an abuse of discretion standard, its underlying factual findings under a clearly erroneous standard, and questions of law pursuant to a de novo review.

Syl. Pt. 2, *Triple 7 Commodities, Inc. v. High Country Mining, Inc*., 245 W. Va. 63, 857 S.E.2d 403 (2021). Here, having reviewed the record on appeal and having considered the ICA's memorandum decision, we find no error in the ICA's analysis. We agree with the ICA that, in these circumstances, the petitioner did not adequately set forth allegations that would warrant setting aside the settlement agreement and that the ultimate conclusion reached by the circuit court was correct. *See Hallman-Warner*, 2023 WL 2367454, at *2-3.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** January 21, 2026

**CONCURRED IN BY:**

Chief Justice William R. Wooton
Justice C. Haley Bunn
Justice Charles S. Trump IV
Justice Thomas H. Ewing
Senior Status Justice John A. Hutchison

---

court order under our well-settled standards of review. *See, e.g.*, Syl. Pt. 3, *Christopher P. v. Amanda C.*, 250 W. Va. 53, 902 S.E.2d 185 (2024) (on appeal from the ICA, reviewing family court order for clear error and abuse of discretion); Syl. Pt. 1, *Folse v. Rollyson*, 251 W. Va. 566, 915 S.E.2d 344 (2025) (on appeal from the ICA, applying de novo review to circuit court order granting motion to dismiss ); Syl. Pt. 1, *Moorhead v. W. Va. Army Nat'l Guard*, 251 W. Va. 600, 915 S.E.2d 378 (2025) (on appeal from the ICA, applying de novo review to circuit court's entry of summary judgment).